UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

TODD COURSER,

      Plaintiff,

vs.

KEITH ALLARD, BENJAMIN GRAHAM,
and JOSHUA CLINE,

      Defendants.

Case No. 1:18-CV-874

Hon. Gordon J. Quist

_____

### KEITH ALLARD AND BENJAMIN GRAHAM'S BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT
_____

    Defendants Keith Allard and Benjamin Graham ask this Court to strike Plaintiff's First Amended Complaint, as well as all accompanying exhibits. Plaintiff's First Amended Complaint runs afoul of the pleading requirement that the pleading contain a "short and plain" statement for relief. Fed. R. Civ. P. 8(a).

### BACKGROUND

    Plaintiff Todd Courser's most recent First Amended Complaint is yet another chapter in the tiresome saga of his baseless litigation against Allard and Graham ("Defendants"). Courser first sued Defendants in this Court on September 8, 2016. (Case No. 1:16-CV-1108, PageID.1-182.) Following Defendants' filing of a Motion to Dismiss in that case, Plaintiff voluntarily dismissed without prejudice. (*Id.* at PageID.4545-4546.)

Nearly two years later, on August 6, 2018, Courser filed a new lawsuit repackaging the same allegations in another lengthy complaint. (Case No. 1:18-CV-874, PageID.1-37.) Defendants filed a Motion to Dismiss in lieu of an answer on December 7, 2018, citing the many reasons for which the Court should dismiss Courser's complaint in its entirety. (PageID.56-57.) Courser then filed a First Amended Complaint 21 days later. (PageID.172-302.)

Courser's First Amended Complaint consists of 131 pages, 616 paragraphs, and 69 attached exhibits, for a total filing of 1,649 pages. The First Amended Complaint includes new counts and is approximately three times as long as the original complaint (not including the 69 exhibits).

In the 69 exhibits attached to the First Amended Complaint, Courser included roughly 400 pages of discovery he obtained from Defendants as part of the State's Lapeer County criminal case against Courser and pursuant to the state court's protective order. (Ex. A.) On May 18, 2018, Lapeer Circuit Court Judge Holowka signed a protective order ordering that:

> Discovery produced by Pinsky, Smith, Fayette & Kennedy LLP as a result of this Court's order granting in part and denying in part Defendant's Motion to Compel Production of its January 30, 2018 Subpoena, is deemed confidential. **That discovery may be published only to the extent any part of it is offered and accepted as an exhibit in any hearing or trial in this case.** If it is published under those circumstances, the publishing party must redact personal identifying information, such as personal telephone numbers and email addresses.
>
> Nothing in this Order restricts the right of parties to attach any part of the discovery to a public pleading, motion or other filed document as an exhibit.

(Ex. A (emphasis added.)) The discovery was deemed confidential, because the responsive documents were private conversations belonging to Defendants (who are non-party witnesses in Courser's criminal case), they involved multiple other non-party individuals, and they implicated privacy interests of all of those individuals. (*Id.*)

Pursuant to the May 18, 2018 order, Defendants' attorneys produced responsive documents, including hundreds of pages of text and instant messages from Defendants' phones – a highly unusual grant of discovery in a criminal case. None of those produced documents has been offered and accepted as an exhibit at any hearing or trial. Despite the court's protective order and despite none of the material being offered or accepted as an exhibit at a hearing or trial, Courser attached approximately 400 pages of the protected material as exhibits to his First Amended Complaint. However, the attachment of these pages appears to be an attempt to violate the spirit, if not technically the letter, of the state court order. There is no reason or basis to attach what would otherwise be discovery to the First Amended Complaint, other than to put it into the public record before it is deemed in any way relevant in Courser's criminal case pending in state court.

Of note, Allard and Graham had produced this discovery to Courser in his state court criminal case before he filed the original complaint in this Court case. Any claims Courser felt he had based on this discovery (of which there are none) could have been pled in the original complaint.

## ARGUMENT

This Court should strike Courser's First Amended Complaint because it does not meet the pleading requirements articulated in Rule 8(a). Rule 8 requires that a pleading contain:

> (1) a <u>short and plain</u> statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a <u>short and plain</u> statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"The objective of Rule 8...was to make complaints simpler, rather than more expansive." *Kuot v. Corrections Corp. of Am.*, No. 1:16-CV-6, found at 2018 WL 655158, *1 (M.D. Tenn, Feb. 1, 2018) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The requirement that a federal pleading contain a "short and plain statement" is so that courts can avoid situations "wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 445-446 (E.D. Tenn. 1975) (ordering that a plaintiff amend when her allegations were described in "painful evidentiary detail").

"[C]omplaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8." *Kuot*, 2018 WL 655158, *4. For example, in *Plymale v. Freeman,* the Sixth Circuit upheld dismissal of a complaint for failure to comply with Rule 8

when the complaint "raised numerous allegations in a rambling complaint which [was] 119 pages long and [encompassed] twenty-four counts." No. 90-2202, found at 1991 WL 54882, *1-2 (6th Cir. April 12, 1991). Likewise, the court in *Schied v. Daughtrey* found a complaint violated Rule 8 when it "[spanned]194 pages, 374 paragraphs (excluding subparagraphs), 80 footnotes, and 80 exhibits." 2008 WL 5422680, *1-2 (E.D. Mich, December 29, 2008). In *Schied*, the court also faulted plaintiff's complaint because it "[incorporated] numerous factual allegations" and "[devoted] entire paragraphs to statements of law rather than factual averments." *Id*. at *2.[1]

Here, as in the above cases, Courser's 131-page, 616-paragraph First Amended Complaint with 69 multiple-page exhibits is anything but "short and plain." The Court should dismiss it. Courser has now had three cracks at writing complaints in this matter, two of which Defendants have already answered with Motions to Dismiss. This third version of Courser's complaint is even longer and more convoluted than his previous attempts. Further, it now contains exhibits attached to a public filing which appear to have been appended only to place the discovery in the public domain, in spite of the Lapeer Circuit Court's protective order designed to prevent publication before relevant in the criminal case was established, by improperly attaching it to

---

[1] Local Civil Rule 5.3 also appears to apply, at least by implication. It provides that discovery materials are not generally filed on the public docket, and that only <u>relevant portions</u> of discovery necessary to a trial or motion should be filed. Local Civ. R. 5.3 (emphasis in original). None of the discovery attached to the First Amended Complaint is relevant, necessary, nor permitted, given the requirements of Rule 8(a).

the amended complaint. Courser's aim here appears not to be an attempt to put forth a "short and plain statement" of his claim for relief, but rather to attempt to harass and embarrass Allard and Graham and to overburden them and this Court with frivolous and extraneous filings. The overlong, evidentiary-laden, circuitous, and rambling complaint is not a proper filing under Rule 8 and should, therefore, be stricken by this Court.

## CONCLUSION

Because Courser violated the General Rules of Pleadings under Rule 8, Allard and Graham respectfully request this Court strike Courser's First Amended Complaint and all accompanying exhibits.

|  |  |
|---|---|
|  | PINSKY, SMITH, FAYETTE & KENNEDY, LLP |
|  | Attorneys for Defendants Allard and Graham |
| Dated: January 18, 2019 | By: /s/ *Sarah R. Howard* |
|  | H. Rhett Pinsky |
|  | Sarah Riley Howard |
|  | 146 Monroe Center, NW, Suite 805 |
|  | Grand Rapids, MI 49503 |
|  | (616) 451-8496 |
|  | showard@psfklaw.com |