UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER

    Plaintiff

v.

KEITH ALLARD, BENJAMIN GRAHAM, and JOSHUA CLINE.

    Defendants.

Case No. 1:18-cv-00874

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED**

For the reasons set forth herein, Plaintiff TODD COURSER, by and through his attorney, DePerno Law Office, PLLC, responds and objects to *Keith Allard and Benjamin Graham's Motion to Strike Plaintiff's First Amended Complaint* for the reasons stated herein.

### I.    BACKGROUND

1. **"Facts are stubborn things"**

John Adams said "Facts are stubborn things; and whatever may be our wishes, our inclinations, or the dictates of our passion, they cannot alter the state of facts and evidence."[1] The Defendants want this Court to believe that the only relevant facts are what they tell the Court. In their mind, the narrative will be simple: (1) Todd Courser asked a staff member (Ben Graham) to send a salacious email to cover up an affair, (2) Ben Graham and Keith Allard exposed this plan though a recording and they are heroes. That about sums it up. We just need to look to

---

[1] John Adams, *The Portable John Adams*

Defendants prior 12(b)(6) motion in Case No. 1:16-cv-01108.[2] Defendants want to control the narrative; which is the purpose of Defendants present motion. They want to suppress the truth and the facts. They don't want the Court or anyone to know the truth about what actually happened. Indeed, relevant facts are provided in detail in the First Amended Complaint ("FAC").

- Defendants were not good employees. They were terrible employees. *FAC* ¶¶ 59-81. They used their positions to spy on Plaintiff in order to advance their own careers. Their first order of business was "to get Courser impeached." *Id*. at ¶ 56.

- Defendants started surveillance on Plaintiff. *Id*. at ¶ 53. Along with other co-conspirators, they planted listening devices. *Id*. at ¶ 60. See also *Id*. at ¶ 174-185.

- They recorded conversations. *Id*. at ¶ 95.

- They edited and fabricated recordings. *Id*. at ¶¶ 114-120.

- Then they sent the edited and fabricated recordings to *The Detroit News*. *Id*. at ¶¶ 121-152.

- The edited and fabricated recordings were then used by the House Select Committee to remove Plaintiff from office and in criminal prosecutions. *Id*. at ¶ 114. See also *Id*. at ¶ 166-173. See also *Id*. at ¶ 186-208.

- Defendants knew (and have known even through today) that the recording is not authentic.

**2.   Defendants want everyone to ignore what's in front of their eyes**

The real problem for Defendants is that they were live texting while all of this was happening. All one has to do is sit down and read the text messages.

➢    FAC, Ex. 1, Ben Graham extraction report. ECF No. 17-1, PageID.303.

➢    FAC, Ex. 2, Keith Allard extraction report (iPhone 6). ECF No. 17-2, PageID.604.

➢    FAC, Ex. 5, Ben Graham chats report. ECF No. 17-5, PageID.818.

➢    FAC, Ex. 15, Keith Allard extraction report (iPhone 5). ECF No. 17-15, PageID.1215.

---

[2] ECF No. 86, PageID.1452.

2

DePerno Law Office, PLLC ● 951 W. Milham Ave. ● PO Box 1595 ● Portage, MI 49081
(269) 321-5064 (phone) ● (269) 353-2726 (fax)

These text messages demonstrate the level of depravity, corruption, criminal activity, and conspiracy. For that reason, Defendants spend several pages of their current brief focusing on a protective order signed by Lapeer Circuit Court Judge Holowka. This is a red herring and irrelevant. In fact, on July 10, 2019, <u>10 days before Defendants filed this brief</u>, Judge Holowka stated that any perceived violation was not material. He declined Defendants non-party motion in a criminal case to stop Plaintiff from using this material. Yet, Defendants still bring this non-issue to the Court's attention. Indeed, the entire focus of Defendants' "background" section of their brief focuses on this protective order. Again, they don't want anyone to focus on the truth.

## II.     ARGUMENT

It is for this reason that Defendants have filed their motion to strike the FAC. Defendants claim that Plaintiff's FAC is not "short and plain." That is the only argument made. This argument is frivolous and without merit. After Plaintiff filed this lawsuit, Defendants filed a *Motion to Dismiss* based on Rule 12(b)(6). ECF 11, PageID.56. In their brief, Defendants argued that the "claims should be dismissed because they fail to meet the pleading standards requiring plausibility and sufficient factual allegations as a matter of law. *Brief in Support of Keith Allard and Benjamin Graham's Motion to Dismiss*, at 1. ECF 12, PageID.59. Defendants make similar statements throughout their brief. In particular:

- "Even this is unclear, though, since all three are merely mentioned in the Count, without explanation of which fact allegations support an alleged violation of which Constitutional provision." *Id.* at ¶ 7.

- "All of the injurious acts which Courser claims caused him damage occurred prior to Allard and Graham's termination. *Id.* at ¶ 8.

- "Courser has pled nothing suggesting that Allard and Graham were directly part of it. *Id.*

- "Courser only seems to suggest that Allard and Graham's allegedly wrongful investigation of Courser led to the eventual House Select Committee process. *Id.* at ¶ 9.

3

- "Courser's Count 2 also fails because he cannot allege sufficient facts to establish its plausibility." *Id*. at ¶ 10.

- "Courser has still not stated a valid claim of defamation, because he has not shown either that any statements made by Allard and Graham were false or that they were made with actual malice." *Id*. at ¶ 13.

- "Here, Courser's defamation claim fails, because he has made no factual allegations that the statements made by Allard and Graham were false." *Id*. at 14.

- "Courser's defamation claim likewise fails because Courser has not offered facts supporting his allegation that any alleged false statements were made with 'actual malice'". *Id*.

- "Courser has offered no facts to suggest they had reason to, or that they did, act out of actual malice to him." *Id*. at 15.

- "Courser has not pled sufficient non-conclusory allegations, nor has he offered the requisite evidence of, 'actual malice' on the part of Allard and Graham to overcome the Constitutional privilege to complain about an official's condict in office." *Id*.

- "Because Course [sic] has not plead sufficient facts to allege that Allard and Graham's statements were false – indeed, he has not pled that they made any specific statements at all – or that they were made out of actual malice . . . Count 4 should be dismissed." *Id*.

- "Courser has still not offered factual allegations to support his claim that Allard and Graham engaged in civil stalking". *Id*.

- "Courser has offered no facts to support his claim that they engaged in the activities required to support a claim of harassment or stalking." *Id.* at 17.

- "Courser offered no facts that support that he felt 'terrorized, frightened, intimidated, threatened, harassed, or molested' by Allard and Graham's conduct." *Id*.

- "[B]ecause Courser has not offered facts alleging that he indeed felt 'terrorized, frightened, intimidated, threatened, harassed, or molested' or gave any indication as to what alleged conduct of Allard and Graham's made him feel such, Courser's civil stalking claim should be dismissed. *Id*. at 17-18.

- "Courser has likewise failed to allege facts sufficient to support his invasion of privacy claim." *Id.* at 18.

4

DePerno Law Office, PLLC • 951 W. Milham Ave. • PO Box 1595 • Portage, MI 49081
(269) 321-5064 (phone) • (269) 353-2726 (fax)

- "Courser has likewise not pled sufficient facts to support his claim that Allard and Graham's alleged conduct amounted to tortious interference with business relationships." *Id*. at 19.

- "Courser also fails to offer any facts regarding how that supposed interference was the proximate cause of his damage." *Id*. at 20.

- "Because Courser has not stated facts sufficient to support a plausible claim, Count 7 should be dismissed." *Id*.

- "Courser likewise offers no facts to support his claim that he suffered severe emotional distress." *Id*. at 21.

- "Courser has not alleged sufficient facts to establish what duty Allard and Graham supposedly breached, or how their actionsw ere the proximate cause of Courser's alleged harms." *Id*. at 22.

- "Courser's Count 9 should be dismissed because he has not stated sufficient facts to plausibly support his negligence claims." *Id*.

- "Courser's claim of conspiracy and concert of actions should also fail, because there are no factual allegations in his Complaint that suggests Allard and Graham's actions were part of a concerted action, nor were they done with an unlawful purpose or by unlawful means." *Id*. at 23.

- "Courser has offered no specific factual allegations to support his claim that Allard and Graham were working together, and/or with or for leadership of the House, as part of a 'concerted action' actions him." *Id*.

- "And he similarly fails to allege facts that articulate, let alone support, what unlawful purpose Allard and Graham were attempting to accomplish or by what unlawful means they were allegedly using." *Id.* at 23-24.

- "Indeed, there is nothing in Courser's Complaint that suggests that he will be able to establish an unlawful purpose for any Allard and Graham's actions, not that they used any unlawful means." *Id*. at 24.

- "Because Courser has not alleged facts to show a concerted action, nor any unlawful purpose or unlawful means behind Allard and Graham's actions, Count 10 for civil conspiracy should be dismissed." *Id*.

After receipt of the FAC, Defendants now realize that all of these arguments fail. Plaintiff has sufficient pled facts and provided evidence of the allegations. The text messages as a whole deliver a condemning claim against Defendants' actions and knowledge. So now Defendants

5

want to strike all of these facts that paint them in a negative view and demonstrate their unlawful and sometimes criminal conduct. Defendants clearly do not want to file another Rule 12(b) motion against this FAC. They most likely know that (from a factual standpoint) they will lose that motion. The facts and texts clearly destroy their narrative of upstanding citizens performing a duty to constituents. When considering a Rule 12(b) motion, the court must accept all of plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). It doesn't look good when the facts and texts reveal that Defendants were actually part of a conspiracy and plot to surveil, follow, wiretap, record, stalk, and extort their bosses. Then they continued their conspiracy when they edited and manufactured a recording of Plaintiff. Then they worked in conjunction with *The Detroit News* to publish that edited recording and pass it off as authentic. Then they knowingly offered it and allowed it to be used in a criminal proceeding. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The facts presented by Plaintiff in the FAC demonstrate a conspiracy of unlawful and illegal conduct that was then covered up by Defendants and others. To demonstrate this, we only need to look to two pages of the texts:

FAC, Ex. 2, page 133-134: Keith Allard tells Don Goris (August 24, 2015):

```
Don Goris:     Any   speculation   what   the   HBO
               statement will say?

Keith Allard:  I've  heard  through  the  grapevine
               that  it  will  recommend  criminal
               charges  for  both  but  who  really
               knows at this point.

               I know our testimony and evidence is
               extremely  damning.  And  the Speaker
               is going to have to spend some time
```

6

DePerno Law Office, PLLC • 951 W. Milham Ave. • PO Box 1595 • Portage, MI 49081
(269) 321-5064 (phone) • (269) 353-2726 (Fax)

         whitewashing his role before anything is publicly released.

Don Goris: Nice.

Keith Allard: I've heard they have very few allies in the house and that if it came to a vote to expel them they'd be toast.

      They don't have a single ally. Even Gary Glenn and Tom Hooker hate them. And that was true even before this happened.

      Rumor is they want them out before Mackinac so they're not taking pics with Presidential candidates and getting on national media.

FAC, Ex. 5, page 154: Ben Graham and Keith Allard (September 1, 2015):

Keith Allard: Matt Golden KNEW Todd sent that e-mail, and told Cody and JJ it was a fireable offense to ever discuss it.

      and Golden KNEW about the Raddison and was just trying to track down a police report.

      So the Speaker's deputy chief of staff knew ALL of this affair stuff and was actively trying to cover it up.

Ben Graham: Yep. Josh didn't tell bowlin because he didn't want to get JJ rich etc in trouble.

Keith Allard: Oh come on.

      They didn't even focus on that stuff with us at all.

Ben Graham: Yep. They just wanted us to tell them what we have so they could whitewash it.

7

We all know what "whitewashing" is. Merriam-Webster defines it as: "to gloss over or to cover up (such as vices or crimes); to exonerate by means of a perfunctory investigation or through biased presentation of data."

These text messages show that Defendants knew on August 23, 2015 and September 1, 2015 – BEFORE the House Select Committee convened to judge the qualifications of Plaintiff – that Kevin Cotter (the then Speaker of the House) was "whitewashing" his role. Defendants also knew that Mathew Golden (the then Deputy Chief of Staff to Kevin Cotter) knew about the surveillance at the Radisson, knew about the affair, and was covering it up. Defendants knew that the House of Representatives was "whitewashing" the investigation and was only performing a perfunctory investigation through a biased presentation of date. Yet, Defendants never disclosed this to anyone else. They kept it hidden in these text messages until Plaintiff was finally able to discover it through a subpoena in a criminal case in May 2018. These two pages alone demonstrate the depth of Defendants' involvement and knowledge of a cover-up, surveillance, illegal conduct, and presentation of data in a false light.

Defendants can't have it both ways. They can't argue in the first instance that the initial Complaint failed to state sufficient facts, and then when confronted with the facts of their own misconduct and misdeeds, argue that the Plaintiff stated too many facts. Defendants could have simply filed an answer. They did not. Instead, they filed a motion to dismiss wherein they argued that in at least 27 instances described above, Plaintiff failed to state sufficient facts. Rule 15 states that a plaintiff is entitled to amend the complaint as a matter of course after a Rule 12(b) motion is filed. Plaintiff has done so and corrected the alleged and perceived failings of the initial Complaint that Defendants complained about so vehemently.

8

Defendants also argue that the FAC is somehow intended to harass and embarrass Defendants. This argument is disingenuous. It is the epitome of contradiction for these Defendants (who knowingly and intentionally conducted surveillance, wiretapping, stalking, and extortion on Plaintiff solely for the purpose of having him impeached, which they then released to the world) to now claim an interest in privacy to avoid embarrassment.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully request this Honorable Court deny *Keith Allard and Benjamin Graham's Motion to Strike Plaintiff's First Amended Complaint* and grant such other relief in favor of Plaintiff that this Court deems appropriate.

Dated: February 1, 2019

Respectfully Submitted,

DePERNO LAW OFFICE, PLLC

*/s/ Matthew S. DePerno*
MATTHEW S. DePERNO (P52622)
Attorney for Plaintiff
951 W. Milham Avenue
PO Box 1595
Portage, MI 49081
(269) 321-5064
matthew@depernolaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I electronically filed the foregoing brief with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document to all attorneys of record.

Dated: February 1, 2019

/s/ Matthew S. DePerno
Matthew S. DePerno (P52622)
951 W. Milham Avenue
PO Box 1595
Portage, MI 49081
(269) 321-5064
matthew@depernolaw.com

10

DePerno Law Office, PLLC ● 951 W. Milham Ave. ● PO Box 1595 ● Portage, MI 49081
(269) 321-5064 (phone) ● (269) 353-2726 (fax)