UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

    Plaintiff,

v.                                                                    Case No. 1:18-CV-874

KEITH ALLARD, et al.,                         HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER DENYING AS MOOT DEFENDANTS ALLARD AND GRAHAM'S MOTION TO DISMISS ORIGINAL COMPLAINT AND DENYING DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; DISMISSING CERTAIN CLAIMS; AND ALLOWING DEFENDANTS TO MOVE FOR DISMISSAL OF REMAINING CLAIMS**

On December 7, 2018, Defendants Keith Allard and Benjamin Graham moved to dismiss Plaintiff Todd Courser's 37-page, 10-Count complaint. (ECF No. 11.) Courser responded by filing an amendment as of right, more than tripling the length of his pleading and adding five additional counts. (ECF No. 17.) Thereafter, Allard and Graham moved to dismiss Courser's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 19.) Courser has filed a response, arguing that his First Amended Complaint does not run afoul of Rule 8(a) because the First Amended Complaint responds to Defendants' argument that Courser's original pleading failed to state sufficient facts to state a claim. (ECF No. 21.)

Having reviewed Allard and Graham's motion and Courser's response, the Court concludes that the motion to strike should be denied. However, the Court also concludes, for the reasons given in the Court's July 11, 2019, Opinion in *Courser v. Michigan House of Representatives, et al.*, No. 1:18-CV-882 (ECF No. 67), and the Court's July 11, 2019, Opinion in *Gamrat v. Cline & Horr*, No. 1:16-CV-1094 (ECF No. 174), that certain of Courser's claims in the instant case are subject to dismissal without the necessity of Defendants having to file a formal motion to dismiss on those claims.

A. **<u>The particular claims in this case, and the reasons for dismissal, are as follows</u>**:

- Count 1 – Violation of Constitutional Rights Under 42 U.S.C. § 1983:  Courser fails to state a constitutional violation and Defendants are entitled to qualified immunity.

- Count 2 – Violation of 42 U.S.C. § 1985:  Courser fails to state a claim for a violation of § 1985.

- Count 3 – Violation of the Fair and Just Treatment Clause of the Michigan Constitution: Courser's claim is barred in this Court by the Eleventh Amendment.

- Count 5 – Violation of 18 U.S.C. § 1030 (Computer Fraud and Abuse Act (CFAA)) and M.C.L. § 752.791, *et seq.* (Michigan Fraudulent Access to Computers, Computer Systems, and Computer Networks Act):  Courser does not allege any sort of loss compensable under the CFAA, which is limited to damage to the illegally-accessed computer or computer system, or loss incurred because the computer's service was interrupted and does not include subsequent use of illegally-obtained information. *See Am. Family Mut. Ins. Co. v. Rickman*, 554 F. Supp. 2d 766, 770–72 (N.D. Ohio 2008).  Courser's claim under M.C.L. § 752.791, *et seq.* fails because there is no private cause of action under that statute.

- Count 6 – Libel, Slander, and Defamation:  Courser's claim is not timely under the one-year statute of limitations applicable to defamation claims.  Moreover, to the extent the defamation claim is based on the allegedly "fabricated" May 19, 2015, recording, Courser cannot show that the recording was false, as required for a defamation claim, because he acknowledged before the Select Committee that his voice was on the tape and that he made the statements attributed to him.

- Count 7 – Civil Stalking Under MCL 600.2954:  Courser has failed to allege any unconsented contacts, and none of the Defendants in this case sent or coordinated the extortion texts.

- Count 9 – Tortious Interference with Business Relationships:  Courser fails to state a claim for tortious interference with business relationships by not identifying a specific business relationship or alleging that Defendants knew that their actions would harm a specific business relationship.

- Count 11 – Negligence and Negligent Infliction of Emotional Distress:  In Michigan, claims for negligent infliction of emotional distress are limited to "bystander recovery," and Courser has not alleged that he witnessed an injury to a third person.  Moreover, Defendants are entitled to governmental immunity on negligence claims.

- Counts 12 and 13 – Violations of RICO and Conspiracy to Violate RICO:  Courser cannot establish continuity to support a RICO claim.

- Count 14 – Intentional Interference with or Destruction of Evidence and Spoliation of Evidence:  Michigan does not recognize the stand-alone tort of spoliation.

- Count 15 – Conspiracy and Concert of Actions:  Courser admitted the accuracy of the contents of the May 19, 2015, "fabricated" recording, which was not false, and Courser's

allegation that Defendants engaged in concerted action to "set up" Courser and then have him criminally charged is not plausible in light of the available public record and the Court's conclusion that Courser failed to allege a conspiracy or concert of actions between Defendants Allard, Graham, and Cline and the House Defendants.

**B.      Defendants may file a motion to dismiss the remaining claims, which include**:

- Count 4 – Violation of Federal Wiretapping Act and Michigan's Eavesdropping Statute
- Count 8 – Invasion of Privacy and Intrusion Upon Seclusion
- Count 10 – Intentional Infliction of Emotional Distress

Accordingly:  (1) Defendants Allard and Graham's motion to dismiss Courser's original complaint (ECF No. 11) is **DENIED AS MOOT** and Defendants Allard and Graham's motion to strike Courser's First Amended Complaint (ECF No. 18) is **DENIED**; (2) Counts 1–3, 5–7, 9, and 11–15 of the First Amended Complaint are **DISMISSED WITH PREJUDICE**; and (3)  Defendants may file a motion to dismiss as to the remaining Counts within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated:  July 30, 2019                                             /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                                     UNITED STATES DISTRICT JUDGE