UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

    Plaintiff,

v.                                                                            Case No. 1:18-CV-874

KEITH ALLARD, et al.,                                  HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER GRANTING MOTION FOR LEAVE TO FILE**
**SECOND MOTION TO DISMISS**

      The Court has before it Defendants Allard and Graham's Motion for Leave to File a Second Motion to Dismiss the Remaining Counts of Plaintiff's First Amended Complaint. (ECF No. 24.) Counsel explains in the brief in support of the motion that she failed to note the portion of the July 30, 2019, Order (ECF No. 22) allowing Defendants to file a motion to dismiss the remaining counts of the First Amended Complaint within 21 days of the Order and, therefore, failed to file a timely motion. Counsel requests the opportunity to file a motion to dismiss because of the unique procedural history and posture of the case and because Defendants have meritorious arguments for a motion to dismiss the remaining counts (4, 8, and 10). (ECF No. 25 at PageID.1851.) Counsel further notes that the slight delay has not prejudiced any party.

      Defendants' motion is governed by Fed. R. Civ. P. 6(b)(1)(A), which requires a showing of good cause and excusable neglect for an extension of time. Having considered the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993), the Court concludes that an extension of time to file a

motion to dismiss is warranted. An extension will not prejudice Plaintiff and the delay was relatively brief. Although counsel should have noted the deadline upon reading the July 30, 2019, Order, counsel's error was understandable in light of the procedural history and circumstances of the case. Furthermore, there is no indication that Defendants did not act in good faith. Finally, considering not only all of the circumstances of the instant case, but also Plaintiff's prior lawsuit against Defendants and others (Case No. 1:16-CV-1108), the equities weigh in favor of affording Defendants an opportunity to have their motion to dismiss decided on the merits. In both the prior litigation and the instant case, Plaintiff avoided a ruling on the merits through procedural maneuvers (admittedly legitimate) that rendered Defendants' previous motions to dismiss wasted efforts at dismissal. Thus, Defendants are entitled to a ruling on the merits.

Therefore,

Defendants Allard and Graham's Motion for Leave to File a Second Motion to Dismiss (ECF No. 24) is **GRANTED**. Plaintiff shall respond to Defendants' motion to dismiss (ECF No. 26) in accordance with Western District of Michigan Local Rule 7.2(c).

**IT IS SO ORDERED**.

Dated:  October 8, 2019                                           /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE