UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD COURSER,

    Plaintiff,

v.

KEITH ALLARD, et al.,

    Defendants.
_____/

Case No. 1:18-CV-874

HON. GORDON J. QUIST

## **OPINION**

Before the Court is Defendants Keith Allard and Benjamin Graham's motion to dismiss the remaining claims against them. (ECF No. 26.) For the reasons that follow, the Court will grant Allard and Graham's motion to dismiss the only remaining federal claim and decline supplemental jurisdiction on the remaining state-law claims.[1] For the same reasons, the Court will set aside the entry of default against Defendant Joshua Cline, dismiss the federal claim, and decline supplemental jurisdiction on the remaining state-law claims, thereby concluding this case.

Plaintiff, Todd Courser, a former member of Michigan's House of Representatives, alleges that Allard, Graham, and Cline—former legislative staffers in Courser's office—illegally obtained information through wiretaps, intercepted emails, and other means, and used information about Courser's extramarital affair with former Representative Cindy Gamrat[2] to extort Courser in order to force his resignation from office. According to Courser, Defendants conspired with members

---

[1] Plaintiff requested oral argument, but because the Court is familiar with the facts and arguments of this case—through the briefing in this case and oral arguments held in the related cases—it will decline to hold oral argument.

[2] Cindy Gamrat now uses the name Cindy Baur, but for consistency, the Court will refer to Bauer as Gamrat—the name she used during the events in question.

of the House leadership (House defendants); Joseph Gamrat (Gamrat's then-husband); and Joseph Gamrat's friends, David Horr and Vincent Krell.

In 2016, Courser filed a complaint against Defendants, House defendants, and numerous other defendants alleging violations of federal and state law (*Courser I*). After several defendants filed motions to dismiss, and facing an imminent response deadline, Courser amended his complaint and, minutes later, voluntarily dismissed his complaint. *See Courser v. Allard, et al.*, No. 1:16-CV-1108 (W.D. Mich.), ECF Nos. 121, 123. Then, beginning in August 2018, Courser separated his prior lawsuit into three separate cases, including the instant case against Allard, Graham, and Cline.

On December 7, 2018, Allard and Graham moved to dismiss Courser's 37-page, 10-Count complaint. (ECF No. 11.) Courser responded by filing his First Amended Complaint, more than tripling the length of his original pleading and adding five additional counts. (ECF No. 17.) Allard and Graham responded with a motion to strike Courser's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 19.) The Court denied the motion to strike. However, the Court decided to dismiss with prejudice twelve of Courser's fifteen claims in this case for the reasons given in the Court's July 11, 2019, Opinion in *Courser v. Michigan House of Representatives, et al.*, 1:18-CV-882, ECF No. 67; and invited Defendants to file a motion to dismiss on the remaining three claims: Count 4—Violation of Federal Wiretapping Act and Michigan's Eavesdropping Statute; Count 8—Invasion of Privacy and Intrusion Upon Seclusion; and Count 10—Intentional Infliction of Emotional Distress. (ECF No. 22.) On October 7, 2019, Allard and Graham filed the motion to dismiss currently before the Court. (ECF No. 26.)

The only remaining federal claim is "Violation of Federal Wiretapping Act," which is combined with the claim for violation of "Michigan's Eavesdropping Statute" to make Count 4. (First Am. Compl., ECF No. 17 at PageID.266-70.) In discussing Count 4, Allard and Graham argue that Courser's claim is untimely under the three-year statute of limitations for civil claims in Michigan. *See* Mich. Comp. Laws § 600.585(2). But this Court does not need to rely on Michigan's statute of limitations; the statute of limitations for civil actions under the Federal Wiretapping Act is only two years. 18 U.S.C. § 2520. Courser filed the instant action on August 6, 2018, more than three years after the period of alleged wiretapping in 2015. Thus, the Court will dismiss Courser's claim for "Violation of Federal Wiretapping Act" as untimely.[3] With the dismissal of the only remaining federal claim against Allard and Graham, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(2), (3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27, 86 S. Ct. 1130, 1139 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

Federal Rule of Civil Procedure 55(c) grants the Court discretion to "set aside an entry of default for good cause." Default was entered against Cline on December 21, 2018, but Courser has never moved for the Court to enter a default judgment. The affidavit of Special Agent Diane Salter, an agent with the State of Michigan Department of the Attorney General, attached to Allard and Graham's reply brief, suggests that Courser has not moved for a default judgment because he was pressuring Cline, without Cline's attorney present, to sign an affidavit to support Courser's

---

[3] *Courser I* did not toll the applicable statute of limitations. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) ("It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.") Even if *Courser I* had tolled the statute of limitations, *Courser I* was only pending for 95 days, thus Courser would have had to allege facts occurring after May 3, 2016, to have a timely claim.

3

claims against Allard and Graham, in exchange for dismissing Cline from the lawsuit. (*See* ECF No. 35-1.) Regardless of the reason, though, the Court will exercise its discretion in setting aside the default, finding that good cause exists to do so.[4] Factors to consider in determining good cause include: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006). The Court is focused on the second factor. Based on the allegations in Courser's complaint, any conduct attributable to Cline falls well outside of the statute of limitations under the Federal Wiretapping Act. In other words, Cline has a meritorious and conclusive defense to Courser's only remaining federal claim. With the entry of default set aside, the Court will dismiss the Federal Wiretapping Claim against Cline and decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726–27, 86 S. Ct. at 1139. Having determined that it would not grant a motion to enter default judgment against Cline because Courser's own allegations show that the complained-of conduct fell outside the statute of limitations, the Court suggests that it is in Courser's best interest to conclude this matter in this federal district court, so that if he chooses to pursue an appeal, he has a final order from this Court.

For the foregoing reasons, the Court will grant Allard and Graham's motion to dismiss (ECF No. 26) regarding Courser's claim for violation of the Federal Wiretapping Act, and that claim will be dismissed with prejudice. The Court will decline to exercise supplemental jurisdiction over Courser's state-law claims of violation of the Michigan Eavesdropping Statute, invasion of privacy and intrusion upon seclusion, and intentional infliction of emotional distress;

---

[4] While Cline himself has not moved to set aside the entry of default, nothing in the plain language of Rule 55(c) requires the Court to wait for a motion from the defaulted party. Rule 55(c) ("The court may set aside an entry of default for good cause . . . .").

those claims are dismissed without prejudice.  The Court will exercise its discretion to set aside the entry of default against Cline.  Courser's claim against Cline for violation of the Federal Wiretapping Act will be dismissed with prejudice.  The Court likewise will decline to exercise supplemental jurisdiction over Courser's remaining state-law claims against Cline, so those claims will be dismissed without prejudice.

An Order consistent with this Opinion will enter.


Dated: December 19, 2019                               /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE